# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1454 | **DATE** | 7/23/2012 |
| **CASE TITLE** | Oliver Jackson (R-16066) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion to reconsider [9] is granted as follows: The Court will vacate the dismissal with prejudice that was entered on March 9, 2012. Petitioner is given until August 24, 2012 to pay the filing fee. Petitioner is warned that failure to pay the filing fee by August 24, 2012 will result in dismissal of the instant action. Petitioner's motion for appointment of counsel [8] is denied. Plaintiff's motion for leave to appeal in forma pauperis [14] is denied and his request for a certificate of appealability is denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Oliver Jackson's (Jackson) motion to reconsider, motion for an appointment of counsel, motion for leave to proceed on appeal *in forma pauperis*, and request for a certificate of appealability. On March 9, 2012, this court denied Jackson's motion for leave to proceed *in forma pauperis* and dismissed the instant action, since Jackson had misrepresented the amount of his income on his *in forma pauperis* application form. On March 23, 2012, Jackson sent a letter to the court, vaguely explaining the reasons that he had submitted inaccurate information to the court on his *in forma pauperis* application form. The court liberally construed the letter as a motion to reinstate, and denied the motion since Jackson had not offered a sufficient explanation for why he failed to disclose the income he had received on his *in forma pauperis* application form. Jackson has now filed the instant motion to reconsider.

Pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60(b)),

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,

or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A court should grant a Rule 60(b) motion "only in exceptional circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy. . . ." *Id.* at 762 (internal quotations omitted)(quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)); *see also Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)(stating that "relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances'")(quoting in part *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)). In the instant motion, Jackson has provided the court with sufficient information to establish that he did not intentionally deceive the court regarding his income when completing his *in forma pauperis* application form. Therefore, the court will vacate the dismissal with prejudice that was entered on March 9, 2012. Jackson is given until August 24, 2012 to pay the filing fee. Jackson is warned that failure to pay the filing fee by August 24, 2012 will result in dismissal of the instant action.

Jackson also moves for appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for a petitioner seeking habeas relief pursuant to 18 U.S.C. § 3006A(a)(2)(B). When determining whether to appoint counsel for a habeas petitioner, the court considers substantially the same factors as in other types of civil cases. *See, e.g., Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983)(citation omitted).

In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a

**STATEMENT**

lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

Jackson's case does not appear overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on Jackson's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. The court conclude that, based upon the record, Jackson is competent to present his case without the assistance of appointed counsel. Therefore, the court finds that an appointment of counsel is not warranted at this juncture, and the court denies the motion for appointment of counsel.

Finally, Jackson's motion for leave to appeal *in forma pauperis* is denied and his request for a certificate of appealability are denied as moot.