Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1454 | **DATE** | 12/14/2012 |
| **CASE TITLE** | Oliver Jackson (R-16066) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion to reconsider [33] is denied. However, the court will extend Petitioner's deadline for responding to the currently pending motion to dismiss filed by Respondent. Petitioner is given until January 28, 2013 to file his response to Respondent's motion to dismiss. Respondent is given until February 11, 2013 to file his reply in support of his motion to dismiss. Status hearing is reset to May 23, 2013 at 9:00 a.m. The previously set status date of April 24, 2013 is stricken.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Oliver Jackson's (Jackson) motion to reconsider the court's denial of his previous motion for an appointment of counsel. On July 23, 2012, the court denied Jackson's motion for appointment of counsel after finding that, based upon the record before the court, Jackson was competent to present his case without the assistance of appointed counsel. In his motion to reconsider, Jackson points to the medical records that he supplied to the court, and Jackson has also informed the court that the prison law clerk who had been assisting him is no longer available. The court notes that, according to the medical records submitted by Jackson, the "retardation" Jackson refers to in his motion relates to psychomotor retardation, which is a slowing down of thoughts and physical movements, as opposed to retardation relating to having a low IQ. It also appears from the medical records that Jackson's psychomotor level was back to normal by 2002 or 2003. In addition, the latest medical reports that Jackson has submitted to the court are from several years ago.

Jackson's case does not appear overly complex or difficult, factually or legally. The court has again considered the entire record in this case at this juncture, as it reflects on Jackson's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. *Pruitt v.*

| STATEMENT |
|---|

*Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007). The court concludes that, based upon the record, Jackson is competent to present his case without the assistance of appointed counsel. Therefore, the court finds that an appointment of counsel is not warranted at this juncture, and the court denies Jackson's motion to reconsider. However, the court will extend Jackson's deadline for responding to the currently pending motion to dismiss filed by Respondent. Jackson is given until January 28, 2013 to file his response to Respondent's motion to dismiss. Respondent is given until February 11, 2013 to file his reply in support of his motion to dismiss. Status hearing is reset to May 23, 2013 at 9:00 a.m. The previously set status date of April 24, 2013 is stricken.