# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OLIVER JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 12 C 1454 |
| ) | |
| MARCUS HARDY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Oliver Jackson's (Jackson) petition for writ of habeas corpus (Petition). For the reasons stated below, the Petition is dismissed.

## BACKGROUND

Jackson was convicted in a jury trial in Illinois state court of first degree murder and unlawful discharge of a firearm. On September 20, 2002, Jackson was sentenced to a total of 55 years of imprisonment. Jackson appealed his conviction and sentence, and on December 19, 2003, the Illinois Appellate Court affirmed Jackson's conviction and sentence. Jackson did not file a petition for leave to appeal (PLA) to the Illinois Supreme Court.

1

In August of 2005, Jackson filed a *pro se* post-conviction petition in the Circuit Court of Cook County, Illinois. On February 7, 2008, Jackson filed a supplemental post-conviction petition through appointed counsel, and later an amended supplemental post-conviction petition. The trial court dismissed the amended supplemental petition on February 27, 2009, and the Illinois Appellate Court affirmed the judgment of the trial court on June 30, 2011. Jackson filed a PLA, which the Illinois Supreme Court denied on November 30, 2011. On February 29, 2012, Jackson filed the instant Petition. Jackson alleges in his Petition that he received ineffective assistance of trial counsel and appellate counsel. Respondent now moves to dismiss the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the

governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

### I. Timeliness of Petition

Respondent argues that the instant Petition should be dismissed as untimely based on the statute of limitations for filing a habeas petition. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

3

due diligence.

28 U.S.C. § 2244(d)(1). The Petition does not allege any state-created impediment to filing the Petition, any newly recognized constitutional right, or any newly discovered factual predicate of the claims presented. Thus, 28 U.S.C. § 2244(d)(1)(A) is the only provision relevant to the instant Petition. As discussed above, on December 19, 2003, the Illinois Appellate Court affirmed Jackson's conviction and sentence on direct appeal. Under Illinois Supreme Court Rule 315(b), Jackson had thirty-five days from that date, or until January 23, 2004, to file a petition for leave to appeal in the Illinois Supreme Court. Ill Sup. Ct. R. 315(b). Jackson failed to file such a petition, and thus the judgment in Jackson's case became final, and the limitations period began to run, on January 23, 2004. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), the deadline for Jackson to file a federal habeas petition was January 23, 2005.

As discussed above, Jackson filed a post-conviction petition in state court on August 23, 2005. Pursuant to 28 U.S.C. § 2244(d)(2), such a filing would toll the limitations period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). However, since the time for filing a federal habeas petition had already expired when Jackson filed the post-conviction petition in state court, the filing of

the post-conviction petition in state court has no effect on the calculation of the limitations period under 28 U.S.C. § 2244(d)(1)(A). *See Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005)(stating that "[a] state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of [a] federal proceeding"); *see also DeJesus v. Acevedo*, 567 F.3d 941, 943 (stating that "[a] state proceeding that does not begin until the federal year has expired is irrelevant"). Therefore, the instant Petition is untimely.

## II. Equitable Tolling Doctrines

Jackson asserts in his Petition that his "mental incapacitation constituted good cause for untimely filing." (Pet. Par. 26). The court liberally construes Jackson's statement as a request for equitable tolling. If applicable, a tolling doctrine would "stop the statute of limitations from running even if the accrual date ha[d] passed." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). The first potentially relevant doctrine is the doctrine of equitable estoppel, which "comes into play" if the respondent took "active steps to prevent" the petitioner from filing the Petition in time, such as "by promising not to plead the statute of limitations." *Id.* at 450-51 (citations omitted). No such facts have been presented with respect to the Petition, and therefore the doctrine of equitable estoppel does not apply. The second potentially relevant doctrine is the doctrine of equitable tolling. The Seventh Circuit has applied the equitable tolling doctrine to habeas petitions that would otherwise be

barred by 28 U.S.C. § 2244(d). *See, e.g., Simms v. Acevedo*, 2010 WL 572742, at *7 (7th Cir. 2010); *Tucker v. Kingston* 538 F.3d 732, 734 (7th Cir. 2008).

Equitable tolling is an extraordinary remedy that is "rarely granted." *Tucker*, 538 F.3d at 734; *see also Simms* at *7 (declining to apply equitable tolling to habeas petition filed one day after statute of limitations expired because petitioner "failed to act diligently in pursuing his federal rights" when petitioner "waited nearly a year from the withdrawal of his previous state court petition to begin his final attempts at state court review"). For Jackson to be entitled to equitable tolling, he must show "that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition, . . . [and that] he has diligently pursued his claim, despite the obstacle." *Id.* (citations omitted). Jackson has made no such showing, and in fact, Jackson has failed to file any response to the motion to dismiss, even though the court gave Jackson additional time to do so. (DE 34).

Although the record reflects that the state court expressed "reservations about [Jackson's] mental capacity," and therefore did not dismiss Jackson's post-conviction petition based on the issue of untimeliness, (Mot. Ex. J, 39), this court is not bound by that ruling. *See, e.g., Escamilla*, 426 F.3d at 870; *DeJesus*, 567 F.3d at 943. Instead, this court must determine whether Jackson has shown that his mental illness "*in fact* prevent[ed] [him] from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996); *see also Angiulo v. United States*, 867 F.Supp.2d 990, 1002-03

6

(N.D. Ill. 2012)(discussing the "high threshold of incapacitation [ ] required before a court will grant equitable tolling," and indicating that the determination regarding whether equitable tolling applies "is highly fact-dependent"); *United States ex rel. Andujar v. Pierce*, 2010 WL 4628765, at *4 (N.D. Ill. 2010)(stating that "[i]n order to show that [a petitioner's] mental illness equitably tolled the limitations period, [a] petitioner must show that his illness actually prevented him from timely filing his habeas petition); *United States ex rel. Flowers v. Gaetz*, 2010 WL 529443, at *8 (N.D. Ill. 2010)(stating that "[t]o overcome the time bar, [a] [p]etitioner 'must at least show that he was incapable of preparing and filing a habeas petition' while the limitation period was in effect")(citation omitted).

The record reflects that while the limitations period was in effect, Jackson was receiving mental health treatment, including medication to treat his mental illnesses. (Mot. Ex. H, C186-225). Such facts weigh against applying equitable tolling to the Petition. *See Miller*, 77 F.3d at 192 (observing that "[m]ost mental illnesses today are treatable by drugs that restore the patient to at least a reasonable approximation of normal mentation and behavior," and that "[w]hen [a person's] illness is controlled [that person] can work and attend to his affairs, including the pursuit of any legal remedies that he may have"); *see also United States ex rel. Boyd v. Pierce*, 2010 WL 3731251, at *6 (N.D.Ill. 2010)(finding that a "petitioner's psychiatric records show[ing] that he was receiving effective antidepression and antianxiety medication, [ ] undercut[ ], not enhance[d], his position that he was unable to manage

7

his legal affairs")(citing *Miller*, 77 F.3d at 192). In addition, the record reflects that while the limitations period was in effect, Jackson was oriented to person, place, time, and situation during his psychiatric evaluations, that he understood his legal circumstances, that he was engaged in regular activities typical of other inmates, that he was capable of interacting with other inmates and correctional staff, and that he could articulate his goals and values. (Mot. Ex. H, C200-01, 205-08). Further, the record reflects that shortly after the limitation period for filing a federal habeas petition expired, Jackson was enrolled in a full-time culinary arts course. (Mot. Ex. H, C226). In the face of such evidence, Jackson's statement that "his mental condition made it hard . . . to think and concentrate," (Mot. Ex. H, C227), does not suffice to establish that equitable tolling should be applied to the instant Petition. Therefore, Respondent's motion to dismiss is granted.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a habeas petition is denied strictly on procedural grounds, as in this case, a certificate of appealability should only be issued if "the prisoner shows, at least, that jurists of reason would find it debatable

8

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000). In the instant action, Jackson has not shown that a reasonable jurist could debate the untimeliness of the Petition. Therefore, should Jackson decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, the Petition is dismissed, and the court declines to issue a certificate of appealability.

                                      _____
                                      Samuel Der-Yeghiayan
                                      United States District Court Judge

Dated: April 3, 2013

9